E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
J. JAMARI BUXTON (Cal. Bar No. 342364)
SUSAN S. HAR (Cal. Bar No. 301924)
Assistant United States Attorneys
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-3519/3289
    Facsimile:  (213) 894-0141
    E-mail:  Jamari.Buxton@usdoj.gov
                Susan.Har@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 21-540-SB |
|---|---|
| Plaintiff, | ADDENDUM TO PLEA AGREEMENT OF DEFENDANT PAUL O. PARADIS |
| v. | |
| PAUL O. PARADIS, | Sentencing Date: June 27, 2023<br>Sentencing Time: 8:00 a.m.<br>Location:  Courtroom of the Hon. Stanley Blumenfeld Jr. |
| Defendant. | |

1.    This constitutes an addendum to the plea agreement between PAUL O. PARADIS ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in connection with this case.  This addendum, like the original agreement, is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

1

## FORFEITURE

2. Defendant agrees:

   a. To forfeit all right, title, and interest in the following:

      i. $44,425.33, held for the benefit of Paul O. Paradis on deposit in the Winston & Strawn LLP client trust account; and

      ii. The property described in **Attachments 1 and 2**, such property being seized from Defendant's Rancho Mirage, California residence on June 1, 2020 and from the business located at 221 N. Figueroa St., Suite 910, Los Angeles, California on July 22, 2019 (collectively, the "Forfeitable Property").

   b. Defendant agrees that the Forfeitable Property was derived from or acquired as a result of, or used to facilitate the commission of, or involved in the illegal activity to which defendant is pleading guilty.

   c. To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Property and to the forfeiture of the Forfeitable Property.

   d. That the Preliminary Order of Forfeiture shall become final as to the defendant upon entry.

   e. To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Property, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

   f. Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Property. If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Property on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Property. Defendant further waives any and all notice requirements of 18 U.S.C. § 983(a)(1)(A).

   g. Not to assist any other individual in any effort falsely to contest the

forfeiture of the Forfeitable Property.

   h. Not to claim that reasonable cause to seize the Forfeitable Property was lacking.

   i. To prevent the transfer, sale, destruction, or loss of the Forfeitable Property to the extent defendant has the ability to do so.

   j. To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

   k. That forfeiture of Forfeitable Property shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

   l. With respect to any criminal forfeiture ordered as a result of this plea agreement, defendant waives: (1) the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcements of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment; (2) all constitutional and statutory challenges to the forfeiture (including by direct appeal, habeas corpus or any other means); and (3) all constitutional, legal, and equitable defenses to the forfeiture of the Forfeitable Property in any proceeding on any grounds including, without limitation, that the forfeiture constitutes an excessive fine or punishment.  Defendant acknowledges that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the Court accepts defendant's guilty plea.

//
//

**PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING**

The parties agree that this addendum, along with the plea agreement, will be considered part of the record of defendant's guilty plea hearing as if the entire addendum had been read into the record of the proceeding. The parties further agree that the forfeiture of the Forfeitable Property will fully satisfy defendant's forfeiture obligations in this matter.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

E. MARTIN ESTRADA
United States Attorney


/s/ Jamari Buxton                                        6/26/2023

J. JAMARI BUXTON                                         Date
SUSAN S. HAR
Assistant United States Attorneys


/s/ Paul O. Paradis via email authorization              6/26/2023
PAUL O. PARADIS                                          Date
Defendant


/s/ Jeffrey L. Steinfeld via email authorization         6/26/2023
JEFFREY L. STEINFELD                                     Date
Attorney for Defendant PAUL O. PARADIS