**ORIGINAL**   FILED

JAN LAWRENCE HANDZLIK (CA State Bar No. 047959)
Jan Lawrence Handzlik, APC
515 South Flower Street, 18th Floor
Los Angeles, CA 90071-2231
Tel: 213-236-3519
Fax: 213-236-3501
jan@handzliklaw.com

2023 JUN 27 PM 3:45

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

Attorney for Movant William W. Funderburk, Jr.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL O. PARADIS,<br><br>Defendant. | CASE NO. 2:21-cr-540-SB<br><br>MOVANT WILLIAM FUNDERBURK'S MOTION TO STRIKE, EXPUNGE AND/OR REDACT DEFAMATORY AND PREJUDICIAL STATEMENTS FROM GOVERNMENT'S SENTENCING MEMORANDUM (DKT. 42); DECLARATION OF JAN L. HANDZLIK; [PROPOSED] ORDER THEREON<br><br>Hearing Date: July 25, 2023<br>Hearing Time: 8:00 AM<br>Location: Courtroom of the Hon. Stanley Blumenfeld, Jr. |

FAXED

Movant, uncharged third-party William W. Funderburk, Jr. ("William Funderburk" and "Mr. Funderburk"), by and through his counsel, hereby respectfully moves to strike, expunge and/or redact the defamatory, prejudicial and in some cases inflammatory statements made about him in the Government's Sentencing Memorandum, filed June 13, 2023 ("Sentencing Memorandum" or "Memo," Dkt. 42).

MOVANT WILLIAM FUNDERBURK'S MOTION TO STRIKE, EXPUNGE AND/OR REDACT
DEFAMATORY AND PREJUDICIAL STATEMENTS FROM GOVERNMENT'S SENTENCING
MEMORANDUM (DKT. 42); DECLARATION OF JAN L. HANDZLIK; [PROPOSED] ORDER THEREON-1

This motion stems from the unwarranted invasion of Mr. Funderburk's privacy and reputational rights, by being named a third-party wrongdoer with no ability to defend himself and no forum to do it in. This constitutes a fundamental violation of the due process protections afforded to all citizens under the Fifth Amendment to the United States Constitution. The Department of Justice Manual, which sets forth the policies underpinning the Principles of Federal Prosecution, recognizes this, providing,

> In all public filings and proceedings, federal prosecutors should remain sensitive to the privacy and reputation interests of uncharged third parties. In the context of public plea and sentencing proceedings, this means that, in the absence of some significant justification, it is not appropriate to identify (either by name or unnecessarily specific description), or cause a defendant to identify, a third-party wrongdoer unless that party has been officially charged with the misconduct at issue. [Department of Justice Manual § 9-27.760]

The section further states, "Courts have applied this reasoning to preclude the public identification of unindicted third-party wrongdoers in plea hearings, *sentencing memoranda*, and other government pleadings." (*Id.*, italics added)

DATE: June 26, 2023

Respectfully submitted,
JAN LAWRENCE HANDZLIK, APC

By: _____/s/_____
JAN L. HANDZLIK
Attorneys for Movant William W. Funderburk, Jr.

**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO STRIKE, EXPUNGE AND/OR REDACT DEFAMATORY & PREJUDICIAL STATEMENTS FROM THE GOVERNMENT'S SENTENCING MEMORANDUM**

A. **Background**

From September 2013 to June 2018, Movant William Funderburk, an attorney, served as a member and vice president of the Board of Water and Power Commissioners (the "Board") of the Los Angeles Department of Water and Power ("LADWP" or the "Department"). From 2016 to 2018, Mr. Funderburk was one of only two male Board members. He and Commission President Mel Levine were also the only attorneys on the Board.

On June 6, 2017, the Board met to consider and vote on a resolution to approve the settlement of several related lawsuits arising from the failure of the Department's billing system (*Jones v. City of Los Angeles*, Los Angeles Superior Court Case No. BC577267, collectively, "*Jones v. LADWP*"). This vote was taken in Closed Session. The Board also considered and voted on a resolution to award a $30,000,000, sole source, contract to Aventador Utility Solutions, LLC, a company owned and run by defendant Paul O. Paradis ("Aventador"). This resolution was considered in Public Session. Both resolutions were part of Agenda Item 22.[1]

The Board consisted of five members. Three members had to vote in favor of a resolution for it to pass. All five members were present for consideration of Item 22. The resolution regarding the Aventador contract was unanimously approved by the Board, by a vote of 5-0 (*Id.*).

---

[1] *See*, Board Agenda Item 22, Minutes and Attachment A, Closed Session Items. See pages 36-37 of the Minutes for Item 22. On the video, Item 22 is considered at 1:56-2:08.
Chrome extension://efaidnbmnnnibpcajpcglclefindmkaj/http://ladwp.granicus.com/DocumentViewer.php?file=ladwp_d49206fd19c3cc73cd43a857614fc766.pdf&view=1

MOVANT WILLIAM FUNDERBURK'S MOTION TO STRIKE, EXPUNGE AND/OR REDACT DEFAMATORYAND PREJUDICIAL STATEMENTS FROM GOVERNMENT'S SENTENCING MEMORANDUM (DKT. 42); DECLARATION OF JAN L. HANDZLIK; [PROPOSED] ORDER THEREON-3

If Mr. Funderburk had been absent or voted against the Aventador resolution, it would have been approved 4-0 or 4-1.[2]

During the Board's consideration of the Aventador contract, Mr. Funderburk sought additional monitoring and strengthened oversight of the company's anticipated performance under the contract.[3] (*See, e.g.*, Paradis Plea Agreement, at page 40, ¶ 57) These additional conditions tightening the Board's control over Aventador became amendments to the resolution and were in the version unanimously approved by the Board on June 6, 2017. (*Id.*)

The proposed *Jones v. LADWP* settlement was considered by the Board in Closed Session. Commission President Mel Levine was recused from the vote. The settlement was approved by a vote of 4-0, including Mr. Funderburk's vote. If Mr. Funderburk had been absent or voted against the resolution, it would have been approved 3-0 or 3-1.[4]

In about August 2022, the statute of limitations on the purported bribery charge expired. Since then, Mr. Funderburk has not been subject to prosecution for it. On June 5, 2023, the Government attorneys informed Mr. Funderburk's counsel that no charges would be filed against him. (Declaration of Jan Handzlik, at p. 1). At that point, it appeared that Mr. Funderburk's long nightmare was finally over.

Eight days later, the Sentencing Memorandum was filed (Dkt. 42). Instead of omitting the superfluous information about Mr. Funderburk or redacting it as was apparently done for other

---

[2] Item 22 was held for Mr. Funderburk's late arrival from court. Commission President Mel Levine noted Mr. Funderburk wanted to be present for the vote on the Aventador contract. In addition to noting that more rigorous oversight of the proposed contract was necessary, Mr. Funderburk made a motion to amend the Aventador resolution to provide for increased accountability and Board oversight over the contract (*Id.*, Minutes at pp. 36-37).
[3] *Id.*
[4] *Id.*

MOVANT WILLIAM FUNDERBURK'S MOTION TO STRIKE, EXPUNGE AND/OR REDACT DEFAMATORY AND PREJUDICIAL STATEMENTS FROM GOVERNMENT'S SENTENCING MEMORANDUM (DKT. 42); DECLARATION OF JAN L. HANDZLIK; [PROPOSED] ORDER THEREON-4

individuals involved in the investigation, the Government described Mr. Funderburk's conduct as venal and corrupt in no uncertain terms.

### B. The Government Improperly Identified Mr. Funderburk Earlier in the Paradis Plea Agreement, by Presenting an Unnecessarily Specific Description of Him

In November of 2021, defendant Paradis entered into a Plea Agreement (Dkt. 6). He subsequently entered a plea of guilty (Dkt. 20). Appendix A to the Paradis' Plea Agreement, the "Factual Basis," described an unnamed Board Member in terms that left no doubt about who it was (Dkt. 6, at pp. 39-42, 45-46). Even though Mr. Funderburk's vote on the Aventador contract had been redundant and unnecessary for passage, the Government alleged that defendant Paradis purportedly bribed him to vote for it *(Id.*, at p. 39, ¶ 55; p. 40, ¶ 56). At page 40, ¶ 56, the Government caused the following statements to be made, purportedly through Mr. Paradis:

> Knowing that LADWP Board Member would soon vote on the Aventador contract, and intending to gain favor with LADWP Board Member so that he would support the contract, defendant PARADIS provided some of the information and materials that LADWP Board Member requested....

And at Page 40, ¶ 58:

> Defendant PARADIS understood LADWP Board Member to mean that LADWP Board Member would vote in favor of the Aventador contract if defendant PARADIS continued to provide LADWP Board Member with unpaid legal services and assistance.[5]

Only two of the Commissioners were male lawyers. Only one of those Commissioners voted to approve the Jones v. LADWP settlement and in favor of the Aventador contract. The press immediately picked up on this and identified Mr. Funderburk as the allegedly corrupt

---

[5] Defendant Paradis is alleged to have provided "legal services" to Mr. Funderburk. However, the term "legal services" is never defined. This makes it unclear what Mr. Paradis purportedly did for Mr. Funderburk. As will be discussed, in this case, the so-called "legal services" were commonplace, routine courtesies typically extended by one lawyer to another. For example, one lawyer telling another lawyer about a Judge before whom both had cases would not ordinarily be considered providing a "legal service." A lawyer giving a pleading from an old case to a colleague with a similar issue before a Court would not ordinarily be considered providing a "legal service." In the context of this case, the term "legal services" is overly broad and ambiguous, and does not provide adequate notice of what is alleged.

MOVANT WILLIAM FUNDERBURK'S MOTION TO STRIKE, EXPUNGE AND/OR REDACT DEFAMATORY AND PREJUDICIAL STATEMENTS FROM GOVERNMENT'S SENTENCING MEMORANDUM (DKT. 42); DECLARATION OF JAN L. HANDZLIK; [PROPOSED] ORDER THEREON-5

lawyer Commissioner. https://www.latimes.com/california/story/2021-12-01/former-dwp-board-member-cited-in-plea-agreement-acted-honorably-attorney-says; https://www.latimes.com/california/story/2021-12-06/former-la-dwp-general-manager-agrees-to-plead-guilty-bribery-charge; https://consumerwatchdog.org/in-the-news/column-continuing-dwp-scandal-black-mark-la-leaders-insult-ratepayers/; https://debaser.substack.com/p/the-debaser-gets-its-first-legal; Handzlik Declaration, at p. 1).

Mr. Funderburk has steadfastly maintained his innocence. The limitations period for filing a bribery charge has long since expired. Mr. Funderburk has also been informed by the Government attorneys that prosecution of him has been declined and he will not be prosecuted. (Handzlik Declaration, at p. 1) Nonetheless, even though the press was able to quickly identify Mr. Funderburk and link him to Paradis' corrupt scheme from the language of the Plea Agreement last year, the Government continues to pronounce Mr. Funderburk guilty of a crime he has neither been charged with nor convicted of.

### C. Contrary to the Government's Assertions, Mr. Funderburk Did Not Sell His Principles, Reputation or His Vote to Paul Paradis

In colorful and at times inflammatory language, the Sentencing Memorandum paints a harsh picture of Mr. Funderburk. For example,

> Hungry for even more money, defendant [Paradis] proceeded to engage in two other bribery schemes. In one, defendant got his company, Aventador, a massive no-bid contract, by promising benefits to LADWP's General Manager, Wright. In the other, defendant secured further support for the Aventador contract, as well as future contracts, *by buying (through unpaid legal services) a LADWP Board Member* [Memo, at page 18, lines 23-25, italics added][6]

---

[6] To be clear, the Paradis Plea Agreement and the Government's Sentencing Memorandum accuse Mr. Funderburk of an unlawful act on just one occasion, in connection with the approval of the Aventador contract. There is no assertion (and no evidence) that Mr. Funderburk was bribed by defendant Paradis to do anything else or approve future contracts. The Sentencing Memorandum does not allege any conduct

MOVANT WILLIAM FUNDERBURK'S MOTION TO STRIKE, EXPUNGE AND/OR REDACT DEFAMATORY AND PREJUDICIAL STATEMENTS FROM GOVERNMENT'S SENTENCING MEMORANDUM (DKT. 42); DECLARATION OF JAN L. HANDZLIK; [PROPOSED] ORDER THEREON-6

Earlier, in the Plea Agreement, the Government described the purported arrangement between Mr. Funderburk and defendant Paradis as a "tacit agreement." (Plea Agreement, at p. 41, ¶ 60, l. 10) If so, it was apparently a very detailed (and short-lived) tacit agreement.

See also the Sentencing Memorandum at page 8, lines 9-11, **C. Defendant Bribes a LADWP Board Member** (bold in original) where it states in part:

> To ensure that defendant would secure the LADWP Board's approval of the Aventador contract, *defendant also bribed a Board member*.[italics added]

That paragraph later states:

> *Intending to influence Board Member's vote on the Aventador contract,* defendant provided the information and agreed to provide additional requested materials to Board Member. Days before the vote, *Board Member changed his tune* and informed the others he would vote in favor of the contract. [Memo, p. 8, ll. 17-21, italics added]

Given the superfluous nature of Mr. Funderburk's vote on the Aventador contract, one might question the Government's use of such colorful language and its rationale for why defendant Paradis allegedly bribed Mr. Funderburk for his vote, as follows:

> (1) using his membership on the LADWP Board of Commissioners to exert influence on other LADWP Board members to vote in favor of the Aventador contract; (2) voting in favor of the Aventador contract; and (3) using his position to exert pressure on other LADWP City officials and employees to influence the approval process of the Aventador contract….[Plea Agreement, Dkt. 6, at p. 27, ll. 6-12]

As far as the Aventador contract was concerned, Mr. Funderburk was the odd man out. His fellow Commissioners were prepared to vote for it, unanimously. Mr. Funderburk couldn't and

---

by Mr. Funderburk after the June 6, 2017 Board Meeting. It does allege that two of the co-conspirators, Wright and Paradis, once spoke about Mr. Funderburk outside his presence. This purported conversation allegedly took place after the Aventador contract vote and is not connected to an allegation of improper conduct on Mr. Funderburk's part.

didn't have to "exert influence on other LADWP Board Members to vote in favor" of it. Mr. Funderburk could either get skunked or attempt to improve the terms of the contract by helping to add more rigorous oversight, and then vote for it. Mr. Funderburk chose the latter.

Early in the Sentencing Memorandum, at page 5, the Government poses this question:

> Why did defendant, a reputable long-time attorney, so eagerly and proactively take these wrongful actions? Pure greed. [Lines 23-24]

Considering the $25-$30 million dollars in public funds defendant Paradis pocketed through his various schemes, they may well be right. However, the Government should have paused to ask a similar question concerning Mr. Funderburk. A dispassionate review of the facts would have led to a much different conclusion.

### D. In addition to Department of Justice Regulations, Case Law Establishes that an Uncharged Third-Party Should Not be Named or Otherwise Identified in Public Filings

Department of Justice Manual § 9-27.760 establishes that solid case law supports the policies set forth in that section.[7] The section goes on to say,

> As a series of cases makes clear, there is ordinarily "no legitimate governmental interest served" by the government's public allegation of wrongdoing by an uncharged party, and this is true "[r]egardless of what criminal charges may . . . b[e] contemplated by the Assistant United States Attorney against the [third-party] for the future." *In re Smith*, 656 F.2d 1101, 1106-07 (5th Cir. 1981). Courts have applied this reasoning to preclude the public identification of unindicted third-party wrongdoers in plea hearings, sentencing memoranda, and other government pleadings. See *Finn v. Schiller*, 72 F.3d 1182 (4th Cir. 1996); *United States v. Briggs*, 513 F.2d 794 (5th Cir. 1975); *United States v. Anderson*, 55

---

[7] The first paragraph of Section 9-27.760 is on page 2 of this Motion.

MOVANT WILLIAM FUNDERBURK'S MOTION TO STRIKE, EXPUNGE AND/OR REDACT DEFAMATORY AND PREJUDICIAL STATEMENTS FROM GOVERNMENT'S SENTENCING MEMORANDUM (DKT. 42); DECLARATION OF JAN L. HANDZLIK; [PROPOSED] ORDER THEREON-8

F.Supp.2d 1163 (D. Kan 1999); *United States v. Smith*, 992 F. Supp. 743 (D.N.J. 1998); *see also* JM 9-11.130.

In most cases, any legitimate governmental interest in referring to uncharged third-party wrongdoers can be advanced through means other than those condemned in this line of cases. For example, in those cases where the offense to which a defendant is pleading guilty requires as an element that a third party have a particular status (*e.g.*, 18 U.S.C. § 203(a)(2)), the third party can usually be referred to generically ("a Member of Congress"), rather than identified specifically ("Senator X"), at the defendant's plea hearing. Similarly, when the defendant engaged in joint criminal conduct with others, generic references ("another individual") to the uncharged third-party wrongdoers can be used when describing the factual basis for the defendant's guilty plea.

There was "...no legitimate government interest served...." by accusing Mr. Funderburk of bribery in the Sentencing Memorandum. This DOJ Manual makes clear the duties and obligations of AUSAs regarding the issues raised in situations like Mr. Funderburk's. The guidance establishes that the public dissemination of pejorative information about an uncharged party is improper, harmful and violative of the uncharged party's rights.[8]

E. Conclusion

Based on the foregoing, movant William Funderburk respectfully requests that all references to him in the Government' Sentencing Memorandum be stricken, expunged and/or

/

/

/

---

[8] Mr. Funderburk does not seek to enforce the provisions of the Department of Justice Manual. These are internal guidelines supposed to be adhered to by DOJ attorneys. Rather, he seeks to vindicate his due process rights under the Fifth Amendment and any other applicable rights.

MOVANT WILLIAM FUNDERBURK'S MOTION TO STRIKE, EXPUNGE AND/OR REDACT DEFAMATORY AND PREJUDICIAL STATEMENTS FROM GOVERNMENT'S SENTENCING MEMORANDUM (DKT. 42); DECLARATION OF JAN L. HANDZLIK; [PROPOSED] ORDER THEREON-9

redacted.[9]

DATE: June 26, 2023                      Respectfully submitted,

Jan Lawrence Handzlik, APC

By: _____/s/_____

JAN L. HANDZLIK

Attorneys for Movant William W. Funderburk, Jr.

---

[9] Movant will provide the Court with a version of the Government's Sentencing Memorandum highlighting the specific portions which Movant seeks to have stricken or expunged.

MOVANT WILLIAM FUNDERBURK'S MOTION TO STRIKE, EXPUNGE AND/OR REDACT DEFAMATORY AND PREJUDICIAL STATEMENTS FROM GOVERNMENT'S SENTENCING MEMORANDUM (DKT. 42); DECLARATION OF JAN L. HANDZLIK; [PROPOSED] ORDER THEREON-10

# DECLARATION OF JAN LAWRENCE HANDZLIK

I, Jan L. Handzlik, hereby declare that:

1. I am an attorney licensed to practice law in the State of California and a member in good standing of the State Bar of California and the Bar of this Court. I am the attorney for Movant, William W. Funderburk, Jr., in this matter.

2. The facts presented in this declaration are known personally to me. I could and would competently testify to them. As to any matters stated on information and belief, I believe them to be true.

3. On about June 4, 2023, I wrote to Assistant U.S. Attorneys Susan Har and Jamari Buxton inquiring about Mr. Funderburk's status regarding the investigation. Ms. Har got back to me, suggesting a call on about June 5, 2023.

4. On about June 5, 2023, I received a call from AUSAs Har and Buxton, which lasted about five minutes.

5. I asked the AUSAs to provide me with an update regarding Mr. Funderburk's status in connection with the investigation, considering that defendant Paradis' sentencing date was coming up soon.

6. Mr. Buxton informed me that his Office had made the decision to decline prosecution of Mr. Funderburk and that no charges would be filed against him. This came with the usual caveat that their decision was based on what they knew then.

7. In about late November 2021, I received several telephone calls from members of the media inquiring about representations made in the Paradis Plea Agreement, which had been filed on about November 29, 2021. The reporters asked me whether my client, Mr. Funderburk, was the Board Member referred to in the Plea Agreement as having accepted a bribe from defendant Paradis. Some said they had confirmed it through other sources.

8. It became apparent to me that, for the reasons stated in this Motion, the description of the Board Member in Mr. Paradis' statement of facts supporting the Plea Agreement was sufficiently detailed to identify Mr. Funderburk as the Board Member implicated in criminal activity in the Plea Agreement.

MOVANT WILLIAM FUNDERBURK'S MOTION TO STRIKE, EXPUNGE AND/OR REDACT DEFAMATORY AND PREJUDICIAL STATEMENTS FROM GOVERNMENT'S SENTENCING MEMORANDUM (DKT. 42); DECLARATION OF JAN L. HANDZLIK; [PROPOSED] ORDER THEREON-11

1  Motion are hereby stricken, expunged and redacted.

3  DATE: ____ __, 2023

4  _____
   HON. STANLEY BLUMENFELD, JR.
5  Unites States District Judge

28 MOVANT WILLIAM FUNDERBURK'S MOTION TO STRIKE, EXPUNGE AND/OR REDACT DEFAMATORY AND PREJUDICIAL STATEMENTS FROM GOVERNMENT'S SENTENCING MEMORANDUM (DKT. 42); DECLARATION OF JAN L. HANDZLIK; [PROPOSED] ORDER THEREON-14