DAVID C. SCHEPER (SBN: 120174)
dscheper@winston.com
JEFFREY L. STEINFELD (SBN: 294848)
jlsteinfeld@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendant
PAUL O. PARADIS

# UNITED STATES DISTRICT COURT

# CALIFORNIA CENTRAL DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAUL O. PARADIS,<br><br>　　　　Defendant. | Case No. 2:21-cr-00540-SB<br><br>**Public Version – Partially Under Seal**<br><br>**PAUL O. PARADIS' OPPOSITION TO GOVERNMENT'S *EX PARTE* APPLICATION FOR PROTECTIVE ORDER AND REQUEST FOR PARTIAL RELIEF FROM THE GOVERNMENT'S "USE PARAMETERS"**<br><br>Hon. Stanley Blumenfeld, Jr.<br>Courtroom 6C<br><br>Action Filed:　　　November 29, 2021<br>Sentencing Date:　September 26, 2023<br>Hearing Time:　　 8:00 a.m. |

## **TABLE OF CONTENTS**

I. Introduction ................................................................................................ 1

II. The Government's Protective Order Prohibits Mr. Paradis From Fulfilling His Obligations To Cooperate "Completely" And "Truthfully" In The State Bar's Investigation As Required By The Paradis Plea Agreement ............................... 4

    A. Mr. Paradis' Plea Agreement Requires That Paradis Cooperate With The State Bar of California ................................................................ 4

    B. The State Bar Requested That Mr. Paradis Produce The Sentencing Discovery To Aid It In Numerous Ongoing Investigations ....................... 5

    C. The Government Has Impeded Mr. Paradis Efforts To Comply With The State Bar's Request and Mr. Paradis' Plea Agreement ............. 7

    D. The Government's Position Impedes Mr. Paradis' Cooperation And Deprives Him Of The Benefits Of His Plea Agreement .................... 9

III. The Proposed Protective Order Fails To Take Into Account Mr. Paradis Valid Westfall Certification Request ................................................................ 10

IV. The Proposed Protective Order Interferes With Other Legal Service And Potential Court Orders ............................................................................ 12

V. The Proposed Protective Order Goes Further Than The Use Parameters And Prevents Mr. Paradis From Participating In His Own Defense, Depriving Him Of His Constitutional Rights ................................................................... 14

VI. Conclusion ............................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bradshaw v. City of Los Angeles et al.*,
  Case No. 2:19-cv-06661-GW ................................................................*passim*

*Comstock v. Humphries*,
  786 F.3d 701 (9th Cir. 2015) ..................................................................9, 15

*Cone v. Bell*,
  556 U.S. 449 (2009) ................................................................................9, 15

*U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*,
  899 F.3d 236 (4th Cir. 2018) ........................................................................11

*U.S. Tobacco Coop., Inc. v. Big South Wholesale of Va., LLC*,
  365 F. Supp. 3d 604 (E.D. N.C. 2019) .........................................................11

*United States v. Robertson*,
  2020 WL 1889178 (D.N.M. Apr. 16, 2020) ............................................9, 15

*USA v. Alexander*,
  Case. No. 2:21-CR-00572-SB (C.D. Cal.) ..........................................2, 10, 11

*USA v. Peters*,
  Case No. 2:22-cr-00009-SB (C.D. Cal.) .........................................................5

*USA v. Wright*,
  Case No. 2:21-cr-00559-SB (C.D. Cal.) .........................................................5

*Wang v. Horio*,
  741 F. Supp. 1373 (N.D. Cal. 1989) .............................................................11

**Statutes**

28 U.S.C. §§ 2671 et seq. .................................................................2, 3, 11

**Other Authorities**

Fed. R. Civ. P. 5(f) ..................................................................................9, 15

L.R. 37.2 ...........................................................................................................14

## I. INTRODUCTION[1]

Paul O. Paradis opposes the *Government's Ex Parte Application For A Protective Order Regarding Discovery Containing Personal Identifying Information and Confidential and Sensitive Information* (the "Protective Order Application") and also requests partial relief from the Government's "Use Parameters" because the Government's "Use Parameters" and proposed Protective Order are overbroad and prohibit Paradis from fully cooperating with the collateral investigation being conducted by the State Bar of California (the "State Bar").

Specifically, the proposed Protective Order and Use Parameters improperly restrict Mr. Paradis in at least four ways:

(i) **Cooperating With the State Bar**, **Including Complying With The State Bar's June 16, 2023 Request For Production Of Documents;**

(ii) **Obtaining A Westfall Certification**;

(iii) **Complying With Other Legal Service and Court Orders**; and

(iv) **Participating In Mr. Paradis' Own Defense**.

On August 16, 2023, the Government informed Mr. Paradis' counsel that the Government intended on filing an application for a protective order in this criminal matter and inquired if Paradis would stipulate to the Government's protective order. *See* Declaration of David C. Scheper ("Scheper Decl.") Ex. A at 5.

That same afternoon, Mr. Paradis' counsel responded that Paradis was unlikely to oppose the Government's request for a protective order so long as the Government's proposed Protective Order provided appropriate carve-outs that permitted Mr. Paradis to: (i) continue his cooperation with the State Bar's investigation, including complying with the State Bar's June 16, 2023 request for

---

[1] Emphasis added and internal quotations omitted unless noted.

production of documents;[2] (ii) seek a certification under the Westfall Act (28 U.S.C. §§ 2671 et seq.) from the government and/or a court providing that Mr. Paradis' actions described in the information in *USA v. Alexander*, Case. No. 2:21-CR-00572-SB (C.D. Cal.) – filed in this Court – were done at the direction of the USAO and/or FBI; and (iii) as otherwise required by law, including complying with other legal process such as court orders and subpoenas, which may be subject to protective orders themselves. *Id.* Ex. A at 4-5.

For ease of reference, Mr. Paradis' counsel's response is copied below:

> From: Steinfeld, Jeffrey L <JLSteinfeld@winston.com>
> Sent: Wednesday, August 16, 2023 3:15 PM
> To: Har, Susan (USACAC) <SHar@usa.doj.gov>; Buxton, Jamari (USACAC) <JBuxton@usa.doj.gov>
> Cc: Scheper, David C. <DScheper@winston.com>
> Subject: [EXTERNAL] RE: US v. Paradis, 21-CR-540-SB
>
> Susan,
> Can you please send us the proposed protective order so that we may review it before giving a firm answer. With that caveat, we are unlikely to oppose so long as there are appropriate carve-outs for:
>
> 1. **Mr. Paradis' continued cooperation with the State Bar.** As you know, Mr. Paradis has been tirelessly cooperating with the State Bar of California, and the Bar has previously requested that Mr. Paradis produce these materials and discuss them with the Bar. The Bar originally made this request to us on June 16, 2023, describing the materials as "invaluable." (Attached.) We forwarded the request to you that day. (Attached.) Our understanding is that despite the government indicating it would work directly with the Bar, the Bar still does not have access to these documents. We wouldn't want the protective order to prevent the Bar from receiving the documents and/or to impede Mr. Paradis' cooperation in any way. Based on our original understanding and agreement with the then-AUSA in charge, we understood that the government fully supported the Bar's investigation and would not seek to prevent the Bar from obtaining documents and information it has deemed necessary. We also believe that Judge Blumenfeld views the Bar's investigation as vitally important. At the June 27, 2023 hearing, the Court described the Bar's investigation as "clearly in the public interest" and wanted to ensure that the Bar was "moving as expeditiously as possible." The Court further noted that Mr. Paradis' continued cooperation with the Bar "potentially can continue to be significant." Accordingly, absent such a carve out, we think the government's application would impede Mr. Paradis' cooperation.
>
> 2. **Mr. Paradis' request under the Westfall Act.** As you are aware, we first made a request to government – through the two of you – on October 4, 2022 for a certification under the Westfall Act covering Mr. Paradis' actions described in the information in *USA v. Alexander*. Despite close to a year passing, we still have not received the certification (or a denial of our request). The history of our request is detailed in our July 5, 2023 letter to both of you. (Attached.) As you know, on July 13, 2023, the United States Attorney's Office for the District of Arizona requested certain under seal filings in *USA v. Paradis*, including much of the sentencing discovery. We forwarded this request to you that same day. You approved of us sharing the materials with the USAO for the District of Arizona, and we promptly shared them. (Attached.) We should not be held to be in violation of a court order for doing so, nor should we be restricted from continuing to seek the Westfall certification as we are entitled to under law. Obviously, the government has already determined that such documents are relevant to the Westfall request and we would not approve of a stipulation that limits our ability to obtain the certification we believe we are entitled to.
>
> 3. **As otherwise required by law.** Finally, we would request that the protective order allow Mr. Paradis to comply with other legal process such as court orders and subpoenas (which themselves may be subject to protective orders). As you are aware, Mr. Paradis, an indigent defendant, is currently subject to a subpoena and motion to compel. Mr. Paradis should not be forced to violate other validity issued legal process and/or court orders. We do not want to be forced between a rock and a hard place, which would be inequitable.
>
> I am available to discuss at your convenience. We look forward to receiving the draft.
> Best,
> Jeff

Ex. A at 4-5.

---

[2] Mr. Paradis' counsel noted that this Court has described the State Bar's investigation as "significant," "clearly in the public interest" and should be "moving as expeditiously as possible."

Despite these reasonable requests, the Government refused to incorporate ***any*** of Mr. Paradis' proposed carve outs into the proposed Protective Order. *See generally* Ex. A. In AUSA Har's response to Paradis' counsel, AUSA Har stated that "***[g]iven that the government is the one who directed Paradis to cooperate with the State Bar, you can rest assured that we have been working closely with the State Bar and are doing everything that we can to assist them***." Ex. A at 3-4. Yet, Mr. Paradis understands that the State Bar ***still does not have the documents*** it requested, (Scheper Decl. ¶¶18-22), despite the government's repeated assurances to the contrary.

AUSA Har also noted that the government had previously provided Mr. Paradis with a one-time exception to the Use Parameters to produce certain documents to AUSA Emory Hurley of the United States Attorney's Office for the District of Arizona (the "Arizona USAO"), which should "allay [Mr. Paradis'] concerns" regarding the Westfall Certification.[3] *Id.* AUSA Har indicated that she would inform the Court of Mr. Paradis' objection[s]. Ex. A at 1.

Thereafter, on August 30, 2023, the Government filed its Protective Order Application and is now requesting that the Court enter the Government's proposed Protective Order, which does not contain any of the requested carve-outs including for Mr. Paradis' State Bar cooperation. Specifically, the proposed Protective Order prevents Mr. Paradis from, inter alia, (i) fulfilling the obligations imposed on Paradis pursuant to Paragraph 3 of Paradis' Plea Agreement (Dkt. 6); (ii) producing and

---

[3] Mr. Paradis does not agree that an exception to the Use Parameters was required to produce information in the government's possession to additional individuals at the very same government. Indeed, the fact that the Arizona USAO made such a request to Mr. Paradis and not to its counterpart in the Central District of California was odd. Nevertheless, in an abundance of caution, Mr. Paradis requested permission from AUSAs Buxton and Har before sharing any of the materials with AUSA Hurley. The government has not, however, granted Mr. Paradis a Westfall Certification, nor has the government allowed Mr. Paradis to submit the relevant materials to the court handling Mr. Paradis' application under the Westfall Act.

discussing documents previously requested from Paradis by the State Bar; and (iii) complying with his lawful discovery obligations in other cases, including *Bradshaw v. City of Los Angeles et al.*, Case No. 2:19-cv-06661-GW ("*Bradshaw* Class Action").

Moreover, the proposed Protective Order goes ***further*** than the Use Parameters and appears to **remove Mr. Paradis from the "Defense Team***,*" substantially impairing Mr. Paradis' ability to participate in his own defense. *Compare* Use Parameters (defining "Defense Team" to include "Defendant") with Proposed Protective Order ¶6.a. ("Defense Team does not include defendant"). As the Government knows, and has been represented to this Court, Mr. Paradis is an indigent defendant, who has filed for bankruptcy. Preventing Mr. Paradis from accessing Sentencing Discovery that he is entitled to as a criminal defendant, and from participating in his own defense, is inappropriate and violates Mr. Paradis' constitutional rights and due process.

Accordingly, Mr. Paradis respectfully requests that this Court deny the Government's Protective Order Application and grant Paradis partial relief from the Government's "Use Parameters," providing for the carve outs requested.

**II. The Government's Protective Order Prohibits Mr. Paradis From Fulfilling His Obligations To Cooperate "Completely" And "Truthfully" In The State Bar's Investigation As Required By The Paradis Plea Agreement**

**A. Mr. Paradis' Plea Agreement Requires That Paradis Cooperate With The State Bar of California**

On or about November 29, 2021, Mr. Paradis entered into a plea agreement with the Government that *expressly requires* Mr. Paradis to cooperate with the State Bar of California. (Dkt. 6.) Specifically, Mr. Paradis' Plea Agreement requires Paradis to "***cooperate fully … with the Bar of any state***." *See* Paradis Plea Agreement at p. 2, ¶ 3. Mr. Paradis' Plea Agreement requires that his cooperation include:

> a. ***Respond[ing] truthfully and completely to all questions that may be put to defendant***, whether in interviews, before a grand jury, or at any trial or other court proceeding.

and

    c. ***Produc[ing] voluntarily all documents, records, or other tangible evidence relating to matters about which** the USAO, or **its designee, inquires***.

See Paradis Plea Agreement at p. 2, ¶3. In short, Mr. Paradis' Plea agreement requires that Mr. Paradis answer all questions put to him by the State Bar and produce to the State Bar any and all documents the State Bar requests. As detailed herein, the State Bar has requested that Mr. Paradis' produce the Sentencing Discovery to it and answer any questions the State Bar has on the topics therein. The government's Use Parameters and proposed Protective Order prevent Mr. Paradis from doing so.

    **B.    The State Bar Requested That Mr. Paradis Produce The Sentencing Discovery To Aid It In Numerous Ongoing Investigations**

    As this Court is aware, Mr. Paradis has been cooperating with the State Bar for at least 15 months. Mr. Paradis' cooperation includes cooperating with State Bar investigations into high-ranking officials within and associated with the City of Los Angeles. These investigations relate to, inter alia, the extortion scheme that is the subject of the charges and plea agreement in *USA v. Peters*, Case No. 2:22-cr-00009-SB (C.D. Cal.) (the "Extortion Scheme") and/or the collusive litigation scheme that is the subject of the charges and plea agreements in this case (*USA v. Paradis*) and *USA v. Wright*, Case No. 2:21-cr-00559-SB (C.D. Cal.) (the "Collusive Litigation Scheme"), as well as other related conduct.[4]

---

[4] These investigations include Case Numbers: 22-O-00978 (■■■), 22-O-00980 (■■■), 22-O-00979 (■■■), 22-O-00983 (■■■), and 23-O-13514 (■■■). Mr. Paradis respectfully directs the Court to, inter alia, pages Paradis_00756 – Paradis_00797; and Paradis_00798 – Paradis_00842 of the Sentencing Discovery, previously submitted to this Court as Exhibits A-03 to A-05 attached to Mr. Paradis' June 13, 2023 Sentencing Memorandum. These pages help demonstrate the relevance of the evidence to the State Bar's investigations.

5
MR. PARADIS' OPPOSITION
TO THE GOVERNMENT'S PROTECTIVE ORDER APPLICATION

During the course of Mr. Paradis' cooperation, the State Bar repeatedly asked Mr. Paradis if he possessed any documents relevant to its investigations. Mr. Paradis voluntarily produced certain documents in his possession, but explained that he could not voluntarily produce other documents sought by the State Bar because they were included in the Sentencing Discovery that the government produced under the restrictive Use Parameters. Mr. Paradis noted that he would not violate the Use Parameters.

Thereafter, on June 16, 2023, the State Bar made a formal request upon Mr. Paradis, through counsel, seeking production of: (1) "[t]he sentencing discovery … received from the USAO;" (2) "[u]nredacted copies of the pleadings and respective exhibits filed in connection with Paradis' sentencing, which appear to be Docket Nos. 39 to 48;" and (3) [c]opies of the audio and/or video recordings and any transcripts of those recordings made during the 184 undercover operations, 12 interviews, and search warrants described in Paradis' Sentencing Memorandum (See p. 2, ll. 6-8.)." *See* Scheper Decl. Ex. B at 2. Notably, the State Bar described the Sentencing Discovery as *"invaluable evidence to [the State Bar's] investigation."* Scheper Decl. Ex. B at 2. For ease of reference, the State Bar's request is copied below:

> From: Bagheri, Abrahim <Abrahim.Bagheri@calbar.ca.gov>
> Sent: Friday, June 16, 2023 4:53 PM
> To: Scheper, David C. <DScheper@winston.com>; Steinfeld, Jeffrey L <JLSteinfeld@winston.com>
> Cc: Calix, Charles <Charles.Calix@calbar.ca.gov>; Villasenor, Claudia <Claudia.Villasenor@calbar.ca.gov>; Lindarto, Kevin <Kevin.Lindarto@calbar.ca.gov>
> Subject: Request from the Office of Chief Trial Counsel re USA v. Paradis, USDC Case No. 2:21-cr-00540-SB
>
> Mr. Scheper and Mr. Steinfeld,
>
> We have reviewed the sentencing documents in *United States of America v. Paul O. Paradis*, USDC Case No. 2:21-cr-00540-SB, including but not limited to the June 13, 2023 Sentencing Memorandum filed by the USAO and Paul O. Paradis. We believe that the documents mentioned in the Memorandum would be invaluable to OCTC's investigation and have requested that Paradis provide them to us, which he has declined to do stating that the USAO has limited their distribution and any discussion of the documents and information to Paradis and his counsel.
>
> We would appreciate it if you would provide the following documents to OCTC:
>
> 1. The sentencing discovery that your office received from the USAO.
> 2. Unredacted copies of the pleadings and respective exhibits filed in connection with Paradis' sentencing, which appear to be Docket Nos. 39 to 48.
> 3. Copies of the audio and/or video recordings and any transcripts of those recordings made during the 184 undercover operations, 12 interviews, and search warrants described in Paradis' Sentencing Memorandum (See p. 2, ll. 6-8.)
>
> If your office is unable to facilitate the delivery of those documents to OCTC, we would appreciate it if you would let us know how we can obtain them and facilitate OCTC's obtaining those documents by communicating with the USAO. Please let us know what we can do to assist Paradis and your office in obtain what appears to be invaluable evidence to OCTC's investigation.
>
> Thank you.
>
> Abrahim M. Bagheri
> Charles T Calix
> Trial Counsel, Office of Chief Trial Counsel
> The State Bar of California | 845 S. Figueroa St. | Los Angeles, CA 90017
> Abrahim M. Bagheri – 213.765.1216 | abrahim.bagheri@calbar.ca.gov
> Charles T. Calix – 213.765.1255 | charles.calix@calbar.ca.gov

Ex. B at 2.

### C. The Government Has Impeded Mr. Paradis Efforts To Comply With The State Bar's Request and Mr. Paradis' Plea Agreement

Immediately upon receiving the State Bar's request for production, Mr. Paradis' counsel forwarded it to AUSAs Buxton and Har, and requested the government's permission to comply with the State Bar's request. *See* Scheper Decl. Ex. B at 1. Mr. Paradis' counsel noted that Mr. Paradis was not able to comply with his cooperation obligations because the government's Use Parameters prevent Mr. Paradis from "produc[ing] these items to the Bar absent the Government's approval." *Id.* Accordingly, Mr. Paradis "request[ed] that the Government allow [Mr. Paradis] to make the requested production, which the State Bar believes is "invaluable" to its investigation." *Id.* For ease of reference, Mr. Paradis' request is copied below:

> From: Steinfeld, Jeffrey L <JLSteinfeld@winston.com>
> Sent: Friday, June 16, 2023 7:41:27 PM
> To: Buxton, Jamari (USACAC) <JBuxton@usa.doj.gov>; Har, Susan (USACAC) <SHar@usa.doj.gov>
> Cc: Scheper, David C. <DScheper@winston.com>
> Subject: [EXTERNAL] FW: Request from the Office of Chief Trial Counsel re USA v. Paradis, USDC Case No. 2:21-cr-00540-SB
>
> Jamari and Susan,
>
> I hope you both have a nice weekend planned. In advance of the weekend officially kicking off, we are passing along the request below from the State Bar and we are requesting that the Government allow Mr. Paradis to produce the requested items – to the extent we are in possession of them – to the State Bar. Specifically, the State Bar is requesting: (1) our under seal filing (and exhibits); and (2) any other sentencing discovery we received from the USAO. Our understanding is that under our agreed "Use Parameters," Mr. Paradis is not able to produce these items to the Bar absent the Government's approval. Accordingly, and in conjunction with our ongoing cooperations efforts and obligations we are requesting that the Government allow us to make the requested production, which the State Bar believes is "invaluable" to its investigation. We would like to produce these documents on Monday. Please note that the Bar is also requesting copies of any audio/video recordings (or transcripts thereof) Mr. Paradis made during his undercover operations with the Government. As you know, although we originally were seeking such documents we did not press the issue as we felt they were not necessary for our sentencing papers, accordingly we are not in possession of those documents and will notify the Bar accordingly.
>
> Thank you,
> Jeff
>
> Jeffrey L Steinfeld
> Partner

Ex. B at 1.

Three days later, on June 19, 2023, the government responded that it would "confer internally and then communicate directly with the State Bar," effectively instructing Mr. Paradis to ignore the State Bar's document request because the

government would handle it. *Id.* Despite this statement, and AUSA Har's later assurance that the government is "doing everything that we can to assist [the State Bar]," Mr. Paradis understands that the State Bart *still* does not have the requested documents, despite ***months*** of attempting to obtain them.[5] Scheper Decl. ¶_.

The government is surely aware of this Court's admission that time is of essence and the State Bar's investigation should "proceed a pace," with everyone "moving forward and taking advantage of the additional time" the Court granted. *See* June 27, 2023 Sentencing Hearing Tr. at 36:18-25. Yet here we are. Despite the passage of seventy-seven (77) days since the State Bar made its document production request and sixty-six (66) days since the Court conducted Mr. Paradis' June 27, 2023 sentencing hearing, the State Bar has not yet received even a single page of the approximately 1,500 pages of Sentencing Discovery requested by the Bar on June 16, 2023. Notably, Mr. Paradis and/or his counsel could have produced the documents in a matter of minutes, and if this Court grants an exception to the Use Parameters, Mr. Paradis is prepared to do so.[6]

---

[5] AUSA Har's made a similar sworn statement in her August 30, 2023 declaration, swearing that "the government has been working in good faith with the Office of the Chief Trial Counsel for the California State Bar to provide it directly with requested criminal discovery . . . ." AUSA Har Decl. ¶ 3.

[6] Mr. Paradis respectfully informs the Court that Paradis and his counsel first encountered the government's obstructionist behavior and refusal to produce the Sentencing Discovery long before the current motion practice. Indeed, Mr. Paradis first made a request for the Sentencing Discovery in ***May of 2022***, and the government did not produce the discovery until nearly ***a full year later*** in May of 2023. *See* Scheper Decl. Ex. C at 13. In fact, it was only after a lengthy back and forth, and after Mr. Paradis' counsel requested a meet and confer on a potential motion to compel did the government finally agree to produce a limited set of materials to Mr. Paradis, and only a few weeks ahead of the filing date of his sentencing papers. Ex. C at 1-11.

Given the time pressure, the government forced Mr. Paradis to agree to the Use Parameters, even though Mr. Paradis was entitled to the discovery under this Court's Order (Dkt. 17), which ***ordered "the government to produce to [Paradis] in a timely manner all information or evidence known to the government that is either: (1)***

### D. The Government's Position Impedes Mr. Paradis' Cooperation And Deprives Him Of The Benefits Of His Plea Agreement

The government's refusal to allow Mr. Paradis to comply with the State Bar' document request has put Mr. Paradis in an untenable position. As detailed above, Mr. Paradis' Plea Agreement (that the Government, itself, drafted) requires Mr. Paradis to answer the State Bar's questions "truthfully" and "completely" and to ***produce voluntarily*** the documents that the State Bar requested on June 16, 2023. Dkt. 6 ¶3. Yet Mr. Paradis is unable to do so, and the proposed Protective Order would further prevent Mr. Paradis from being able to cooperate with the State Bar.

Having had the benefit of seeing significant portions of the Sentencing Discovery, and the other under-seal materials the State Bar requested, this Court publicly commented that "I have been presented with information that raises very serious concerns" and "the concerns that have been raised in his case with regard to the integrity of members of the State Bar is notable, and that is a word that is used with great understatement. . . ." *See* June 27, 2023 Sentencing Hearing Tr. at 15:10-18. Similarly, the State Bar itself has described the materials sought as "***invaluable***" to its investigation.

---

***relevant to the defendant's guilt or punishment; or (2) favorable to the defendant on the issue of guilt or punishment***. This Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Order or the government's obligations under Brady include but are not limited to: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges." (Dkt. 17);

The Court's order is consistent with the government's constitutional obligations. *See Comstock v. Humphries*, 786 F.3d 701, 713 (9th Cir. 2015) *(*"***Brady requires prosecutors to disclose evidence that is "material to the defendant's*** guilt or ***punishment***."); *United States v. Robertson*, 2020 WL 1889178, at *3 (D.N.M. Apr. 16, 2020) ("***The government's discovery obligations under Brady extend to sentencing***.); *see Cone v. Bell*, 556 U.S. 449, 470 (2009) (remanding the case to the district court to consider whether the government's failure to disclose evidence violated the defendant's rights under Brady at the penalty phase).

The Government's Protective Order Application and its refusal to allow Mr. Paradis to produce these materials to the State Bar, not only impedes the Bar's investigation, but also deprives Mr. Paradis of the benefits of his Plea Agreement, which include receiving variances and/or departures for his cooperation and substantial assistance to the State Bar, in addition to the work Mr. Paradis did for the government (through the USAO and FBI). This Court should not countenance such behavior on the part of the government – particularly in this situation where both government and State Bar officials have repeatedly lauded Mr. Paradis cooperation as "extraordinary" and "unprecedented."

Accordingly, Mr. Paradis requests that the Court deny the government's Protective Order Application, and provide Mr. Paradis relief from the Use Parameters to continue his cooperation with the State Bar, as required under his Plea Agreement.

### III. The Proposed Protective Order Fails To Take Into Account Mr. Paradis Valid Westfall Certification Request

As this Court is aware, Mr. Paradis cooperated with the government, through the USAO and FBI, for 37 months, including 15 months of undercover operations, consisting of approximately 184 covert missions. The government's sentencing papers described Mr. Paradis' cooperation as "truly exceptional, both in scope and value yielded." (Dtk. 47, 74.) Part of Mr. Paradis' cooperation – done at the express direction and supervision of the USAO/FBI – included operations involving former LADWP executive David Alexander. Mr. Paradis' cooperation resulted in Mr. Alexander pleading guilty in *USA v. Alexander*, Case. No. 2:21-CR-00572-SB (C.D. Cal.). The Information filed by the government in *Alexander* contains dozens of paragraphs detailing Mr. Paradis' cooperation involving Mr. Alexander. *See Alexander* Dkt. 1 at (¶¶12-34).

Importantly, the *Alexander* Information provides that "On April 5, 2019, defendant ALEXANDER met with Paradis at a restaurant in Los Angeles. **During this meeting and in all subsequent interactions with defendant ALEXANDER**

**referenced herein, Paradis was acting at the direction of the FBI.**" *Id.* ¶12. The Sentencing Discovery further reflects and confirms that in all interactions with Mr. Alexander, Mr. Paradis was acting at the direction of the FBI.

As the government knows, Mr. Paradis originally asked for a Westfall Certification – which insulates Mr. Paradis from civil liability for actions he took at the direction of the FBI – on October 4, 2022.[7] Mr. Paradis asked for the Westfall Certification because the City of Los Angeles has wrongfully sued Mr. Paradis for the actions detailed in the *Alexander* Information, copying and pasting the allegations nearly verbatim from the *Alexander* filing – but deceptively omitting the paragraph where the *Alexander* Information confirms that all of Mr. Paradis actions described therein were done as an undercover cooperation at the FBI's direction.

Despite close to a year passing, Mr. Paradis still has not received the requested certification (or a denial of his request). The history of Mr. Paradis' Westfall request is detailed in a July 13, 2023 letter to the government, which is attached hereto as Exhibit F. *See* Scheper Decl. Ex. F.

The Westfall Certification is important because it helps shield undercover operatives, such as Paradis, from liability for actions taken under the authority/direction of the government, which serves the important federal interest of having cooperators participate in investigations. As *U.S. Tobacco Coop., Inc. v. Big South Wholesale of Va., LLC*, 365 F. Supp. 3d 604, 616 (E.D. N.C. 2019) explains:

---

[7] The Westfall Act and its protections extend to government cooperators such as Mr. Paradis. For example, in *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, the Fourth Circuit held that an undercover cooperator qualified as an "'employee of the government' for purposes of the Westfall Act" because the definition includes "'officers or employees of any federal agency' and 'persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation.'" 899 F.3d 236, 248 (4th Cir. 2018). Similarly, in *Wang v. Horio,* the Northern District of California found that an undercover cooperator qualified for certification under the Westfall Act. 741 F. Supp. 1373 (N.D. Cal. 1989)

> The liability of private defendants for actions taken at the direction of [federal] agents acting within their authority is a unique federal interest. Private businesses and individuals provide invaluable assistance as informants who provide evidence against law violators …. If private businesses were not eligible for immunity from state law claims arising from assisting undercover operations, this would provide a major disincentive to assisting law enforcement and would undermine the needs and interests of the federal government.

Because the government has not yet granted Mr. Paradis' Westfall request (despite having nearly a year to do so), Mr. Paradis was forced to seek judicial intervention in the District of Arizona. The government's Protective Order Application and proposed Protective Order do not contain appropriate carve outs, allowing Mr. Paradis to prove his actions were taken as a cooperator and at the express direction of the FBI/USAO. Accordingly, this Court should deny the application or include an appropriate carve out for Mr. Paradis' Westfall request and petition.

### IV. The Proposed Protective Order Interferes With Other Legal Service And Potential Court Orders

On Friday, July 28, 2023, Mr. Paradis was served with a subpoena *duces tecum* in the *Bradshaw* Class Action. In short, the subpoena requires Mr. Paradis to produce the sentencing discovery received from the government and the audio/video recordings Mr. Paradis made while cooperating with the USAO and FBI.[8] Scheper Decl. Ex. D. Upon receiving the subpoena, Mr. Paradis' counsel forwarded it to the government and noted that Mr. Paradis "does not want to violate the government's 'Use Parameters'" but also did not want to be in "non-compliance with a subpoena." Scheper Decl. Ex. E at 2.

After a few emails, the government, through AUSA Buxton, informed Mr. Paradis' counsel that the government would "not authorize Mr. Paradis to deviate

---

[8] Mr. Paradis is not in possession of the audio/video recording and informed counsel for the taxpayers/victims of this.

12
MR. PARADIS' OPPOSITION
TO THE GOVERNMENT'S PROTECTIVE ORDER APPLICATION

from the agree-upon Use Parameters" (Ex. E at 1), thereby forcing Mr. Paradis into another catch 22: either be in non-compliance with a valid subpoena or violate the government's Use Parameters. Despite the Hobson's Choice, Mr. Paradis has not and will not violate the Use Parameters absent court order. Accordingly, due to the government's refusal, Mr. Paradis is now the subject of a motion to compel by counsel for the taxpayer/ratepayer victims in the *Bradshaw* Class Action.

Moreover, in forcing Mr. Paradis to not comply with the validly issued subpoena, AUSA Buxton incorrectly and improperly suggested that the *Bradshaw* Class Counsel and Mr. Paradis were somehow engaged in "***collusive/gamesmanship***" (Ex. E at 1) simply because Mr. Paradis had been cooperating with the class of taxpayers/ratepayers – the purported victims of the alleged actions in the various criminal proceedings instituted by the government.

AUSA Buxton's accusation is not only offensive, it is also wholly unfounded. Paradis' good faith cooperation in the *Bradshaw* Class Action can readily be confirmed by the Mediator in the *Bradshaw* Class Action, the Hon. Daniel J. Buckley, (Ret.), with whom Paradis has now participated in three meetings – two of which were conducted in-person in Los Angeles at Judge Buckley's request. If called upon to do so, Judge Buckley would most assuredly confirm to this Court that there is absolutely no collusion or gamesmanship afoot in the *Bradshaw* Class Action as AUSAs Buxton and Har have now repeatedly and improperly suggested.

Additionally, the government's Protective Order Application is inappropriate because the government has ***already*** filed a motion to quash the subpoena in the *Bradshaw* Class Action. In that motion, signed by AUSA Buxton, the government made several knowingly false statements about Mr. Paradis. For example, the government, through AUSA Buxton, falsely accused Paradis of filing a "joint motion to compel" and further stated that "Paradis joined in plaintiff's motion to compel." *See* Govt. Mem. at 8:23, 19 f. 9 (*Bradshaw* Dkt. 290). Not so. As practitioners in this District know, the required form of pleading for a discovery dispute is a "Joint

Stipulation," which separately represents the parties positions. *See* Local Rule 37.2. Mr. Paradis did not move to compel production of the documents. Mr. Paradis has informed the court in the *Bradshaw* Class Action of these and other erroneous statements in the government's motion.

In any event, there is no need for a protective order in this case because the issue regarding the *Bradshaw* subpoena is now fully briefed in that case. In compliance with Magistrate Judge Chooljian's August 9, 2023 Order, Mr. Paradis and Plaintiff Bradshaw filed their Joint Response to the government's motion to quash on August 29, 2023. Accordingly, the discovery dispute arising from the government's refusal to allow Mr. Paradis to comply with a validly issued subpoena is fully submitted and awaiting a decision by Magistrate Judge Rocconi, to whom all discovery matters are now assigned in the *Bradshaw* Class Action.

Finally, it is worth noting that the government's refusal to permit Mr. Paradis to comply with a subpoena issued by counsel for the taxpayer/ratepayer in a civil rights action on behalf of the victims of the City's wrongful acts is troubling. On the one hand the government claims to be representing the victims of these alleged schemes. On the other hand, the government is actively fighting to prevent the victims from obtaining evidence that could lead to additional recoveries from the City and its associated wrongdoers.

## V. The Proposed Protective Order Goes Further Than The Use Parameters And Prevents Mr. Paradis From Participating In His Own Defense, Depriving Him Of His Constitutional Rights

This Court should deny the Protective Order Application because the proposed Protective Order goes ***further*** than the Use Parameters and appears to ***remove Mr. Paradis from the "Defense Team,"*** substantially impairing Mr. Paradis' ability to participate in his own defense. *Compare* Use Parameters (defining "Defense Team" to include "Defendant") with Proposed Protective Order ¶6.a. ("Defense Team does not include defendant"). As the Government knows, and has been represented to this Court, Mr. Paradis is an indigent defendant, who has filed for bankruptcy. Preventing

Mr. Paradis from accessing Sentencing Discovery that he is entitled to as a criminal defendant, and from participating in his own defense, is inappropriate and violates Mr. Paradis' constitutional rights and due process.

Indeed, a prior order of this Court required that the government produce the materials to Mr. Paradis. Specifically, this Court's order entered on January 5, 2022 (Dkt. 17), ordered ***"the government to produce to <u>defendant</u> in a timely manner all information or evidence known to the government that is either: (1) relevant to the defendant's guilt or punishment; or (2) favorable to the defendant on the issue of guilt or punishment***. This Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Order or the government's obligations under Brady include but are not limited to: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges." (Dkt. 17);

The Court's order is consistent with the government's constitutional obligations and Mr. Paradis' constitutional rights. *See Comstock*, 786 F.3d at 713 *(**"Brady requires prosecutors to disclose evidence that is "material to the defendant's** guilt or **punishment**.")*; *Robertson*, 2020 WL 1889178, at *3 (***"The government's discovery obligations under Brady extend to sentencing***.); *see Cone*, 556 U.S. at 470 (remanding the case to the district court to consider whether the government's failure to disclose evidence violated the defendant's rights under Brady at the penalty phase).

Accordingly, the Government's proposed Protective Order is overbroad and must be denied.

**VI. Conclusion**

For the foregoing reasons, the Court should deny the government's Protective Order Application and grant Mr. Paradis partial relief from the use parameters to: (i) continue his cooperation with the State Bar, including complying with its document request(s); (ii) seek certification under the Westfall Action; and (iii) comply with other legal service and court orders including subpoenas and orders in the *Bradshaw* Class

Action.

Finally, its worth emphasizing that something is amiss where, as here, federal prosecutors are working as hard as they are to prevent the disclosure of highly relevant facts — that were sworn to by FBI Agents and relied on by various Magistrate Judges in this District to issue 33 search warrants -- to State Bar officials who are in the midst of conducting numerous collateral attorney misconduct investigations. The government's actions (or inaction) – have already effectively burned through 66 of the 90 additional days of cooperation time that this Court afforded the State Bar by continuing Mr. Paradis sentencing for 90 days on June 27, 2023 – and clearly warrant close scrutiny by this Court.

Dated: September 1, 2023　　　　　　　WINSTON & STRAWN LLP

By: _____
DAVID C. SCHEPER
JEFFREY L. STEINFELD
Attorneys for Defendant
PAUL O. PARADIS