UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>PAUL O. PARADIS,<br><br>　　　　Defendant. | No. CR 21-540-SB<br><br>PROTECTIVE ORDER |

　　　The Court has read and considered the government's ex parte application for a protective order, filed in this matter on August 30, 2023. The Court has further considered Defendant Paul O. Paradis' ("Defendant") Opposition to Government's Ex Parte Application for Protective Order and Request For Partial Relief From the Government's "Use Parameters," filed on September 1, 2023. On September 26, 2023, the Court held a hearing with respect to this matter. Pursuant thereto, the Court hereby FINDS AND ORDERS as follows:

　　　1.　　On May 5, 2023 and May 10, 2023, the government provided to Defendant nearly 1,500 pages of discovery items requested by Defendant, including sealed search warrants, a list of covert recordings made by Defendant, and FBI interview reports, Bates-stamped PARADIS_00001-PARADIS_01451 (the "Sentencing Discovery"). The government maintains that the Sentencing Discovery contains highly sensitive and confidential items.

　　　2.　　The Sentencing Discovery contains certain documents that reveal third parties' personal identifying information and other sensitive information, means and methods of federal law enforcement investigation tactics, under-seal criminal search warrants and affidavits, confidential information obtained through grand jury processes protected by grand jury secrecy (absent an applicable exception), and other confidential information from the underlying criminal investigation.

3. The Court finds that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners, grand jury secrecy rules and other court orders sealing the criminal search warrants, the confidentiality of law enforcement processes and techniques, and potentially harming persons who have not been charged with crimes.

4. Accordingly, the Sentencing Discovery, as defined above, will be subject to this Protective Order, as follows:

a. "Defense Team" is defined as (1) Defendant; (2) Defendant's counsel of record ("defense counsel"); and (3) other attorneys and personnel working under the supervision of defense counsel. The Defense Team does not include Defendant's family.

b. Except as otherwise provided herein, the Defense Team shall use the Sentencing Discovery solely in connection with, and preparing for, the sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

c. Except as otherwise provided herein, the Defense Team shall not facilitate or permit anyone other than the Defense Team to review, access, or have possession of the Sentencing Discovery without the express, written authorization of the government or an order by this Court

d. The Defense Team shall maintain the Sentencing Discovery safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials.

e. To the extent copies of the Sentencing Discovery are made for authorized use by members of the Defense Team, such copies or reproductions are also subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

f. In the event that a party needs to file the Sentencing Discovery with this Court or divulge the contents of the Sentencing Discovery in filings with this Court, the filing should be made provisionally under seal. The government will meet and

confer with the Defense Team regarding any portions that the government determines should remain under seal and the government shall timely file any motions with the Court that it deems necessary.

   g.  Notwithstanding anything to the contrary herein, the Defense Team shall be permitted without the need for further government approval or order of this Court to use the Sentencing Discovery:

     i.  In connection with Defendant's cooperation with the State Bar of California investigation as described in prior declarations filed in this criminal matter.

     ii.  In any court proceeding specifically adjudicating Defendant's request for a certification under the Westfall Act 28 U.S.C. §§ 2671 et seq. (the "Westfall Certification") and/or any petition for a Westfall Certification. Should any portion of such filing contain any of the Sentencing Discovery, that portion must be lodged under seal or *in camera*. The government (through the United States Attorney's Office for the Central District of California) will meet and confer with the Defense Team regarding any portions that the government determines should remain under seal, and the government (through the United States Attorney's Office for the District of Arizona) shall timely file any motions with the Court that it deems necessary. The Defense Team may also share the Sentencing Discovery with Defendant's counsel in any above-described Westfall certification proceeding with such counsel agreeing in writing to be bound by this Protective Order.

      h.      Notwithstanding anything to the contrary herein, in the event any member of the Defense Team receives a subpoena, document request, or other legal service of process in any matter that seeks disclosure of any of the Sentencing Discovery or information contained in the Sentencing Discovery (excluding public information and/or information that was already in Defendant's possession before he obtained the Sentencing Discovery), the Defense Team shall promptly inform the government of the request, and supply the government with a copy of the request and contact information, if available, for the source of the request ("Requesting Entity"), so that the government may meet and confer with the Requesting Entity. Following a reasonable opportunity for the government to meet and confer with the Requesting Entity, the government, if it so chooses, shall promptly seek appropriate relief in the proceeding from which the request emanated, including by moving to quash or moving for a protective order. The Defense Team shall not disclose the Sentencing Discovery to the Requesting Entity absent either (1) an order by the court overseeing the matter authorizing disclosure following the conclusion of any such proceedings regarding the Sentencing Discovery, or (2) authorization by the government.

      i.      Upon request by the government—but not before the conclusion of the latter of: (i) Defendant's sentencing, appellate, and post-conviction proceedings in this criminal case; (ii) the conclusion of Defendant's request for a Westfall Certification and/or any petition thereof (described in paragraph 4.g.ii); or (iii) the resolution of any discovery request or dispute outstanding at the time of the government's request—the Defense Team shall return the Sentencing Discovery to the government and certify that any copies of such materials have been destroyed.

      j.      In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned

defense counsel transfers any Sentencing Discovery to the new defense counsel. New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order.

   k. Defense counsel shall advise all members of the Defense Team of their obligations under the Protective Order and take reasonable measures to ensure that any members of defense counsel's firm agree to follow the Protective Order.

   l. This Protective Order shall supersede any prior agreements between the Government and the Defense Team regarding the use of the Sentencing Discovery.

   m. Nothing in this Protective Order shall apply to public information and/or information that was already in Defendant's possession before he obtained the Sentencing Discovery.

   n. The parties reserve the right to seek modification of the terms of this Protective Order from this Court should the need arise.

October 4, 2023
DATE

STANLEY BLUMENFELD JR.
UNITED STATES DISTRICT JUDGE